UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

00-06159

CASE NO.

RPM DIESEL ENGINE CO., INC.

Plaintiff,

CIV-　　　　　　　

vs.

MAGISTRATE JUDGE
JOHNSON

M/V DELTA DAWN, its engines,
tackle and appurtenances, in rem,
and D & J INDUSTRIES, INC., in personam,

Defendants.
_____/

## MOTION FOR APPOINTMENT OF A SUBSTITUTE CUSTODIAN

Pursuant to Local Admiralty Rule E(10)(c), Plaintiff, RPM DIESEL ENGINE CO., INC., by and through its undersigned counsel, represents the following:

1. On or about February 1, 2000, Plaintiff initiated the above-styled cause against the motor vessel *DELTA DAWN*, its tackle, equipment and appurtenances.

2. On or about February 1, 2000, the Clerk of the District Court issued a Warrant of Arrest against the Motor Vessel *DELTA DAWN*, directing the U.S. Marshal to take custody of the vessel and to retain custody of the vessel pending further order of this Court.

3. Subsequent to the issuance of the Warrant of Arrest the Marshal will take steps to immediately seize the vessel. Thereafter, continual custody by the Marshal will require the services

CASE NO.

of at least one custodian at substantial cost.

4. Subject to the approval of the Court, the proposed substitute custodian National Liquidators, 1915 S.W. 21st Avenue, Ft. Lauderdale, Florida, is prepared to provide insurance, security, wharfage, and routine services for the safekeeping of the vessel at a cost substantially less than that presently required by the Marshal. The substitute custodian has also agreed to continue to provide these services pending further order of this Court.

5. National Liquidators has adequate facilities for the care, maintenance and security of the vessel, and insurance in the amount, form and substance required by the Court. In discharging its obligations the substitute custodian shall comply with all orders of the captain of the Port, United States Coast Guard including, but not limited to, an order to move the vessel and any applicable federal, state and local laws and regulations pertaining to vessel and port safety.

6. National Liquidators has previously, and is presently, serving as a substitute custodian in the Southern District of Florida.

7. Concurrent with the Court's approval of the Motion for Appointment of Substitute Custodian, the Plaintiff and the substitute custodian will file a Consent and Indemnification Agreement in accordance with Local Admiralty Rule E(10)(c)(2).

THEREFORE, in accordance with the representations set forth in this instrument, and subject to the filing of the indemnification agreement noted in paragraph (7) above, Plaintiff requests this Court to enter an order appointing National Liquidators as the substitute custodian for the motor vessel *DELTA DAWN*.

CASE NO.

DATED this 1st day of February, 2000 at Miami, Miami-Dade County, Florida.

(by) _____
PATRICK E. NOVAK
Florida Bar No. 838764
HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Plaintiff
One Datran Center, Suite 1001
9100 South Dadeland Boulevard
Miami, Florida 33156-7866
Phone: 305/670-2525
Fax: 305/670-2526

cc: Substitute Custodian