UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.  00-6159 CIV  DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

RPM DIESEL ENGINE CO., INC.

       Plaintiff,

vs.

M/V DELTA DAWN, its engines,
tackle and appurtenances, in rem,
D & J INDUSTRIES, INC.; and
RANDOLPH JORDAN, in personam,

       Defendants.
_____/



**AMENDED VERIFIED COMPLAINT IN ADMIRALTY,
IN REM, PURSUANT TO RULE 9(H)**

Plaintiff, RPM DIESEL ENGINE CO., INC, by and through the undersigned attorneys, sues the motor vessel DELTA DAWN, its engines, tackle and appurtenances, in rem, and D & J INDUSTRIES, INC., and RANDOLPH JORDAN in personam, for repairs to the DELTA DAWN's engines and states as follows:

    1.    This is an admiralty and maritime claim within the jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Ship's Mortgage Act, 46 U.S.C. 31321 *et. seq.*

    2.    Plaintiff RPM is a company chartered under the laws of the United States and the state of Florida with its principal place of business in Fort Lauderdale, FL.



Case No. 00-6159 CIV DIMITROULEAS
Page 2

3. The DELTA DAWN is a motor vessel registered under the laws of the United States (Official No. D584663) and is now or will be during the pendency of this action located within this District and within the jurisdiction of this Court.

4. Venue lies within the Southern District of Florida under the provisions of 28 U.S.C. 1391, 46 U.S.C. 31321 et. seq. and the general maritime law.

5. D & J INDUSTRIES and Mr. Randy Jordan, as owner and/or owners representative, requested RPM undertake certain repairs to the DELTA DAWN's engines. D & J INDUSTRIES and Randy Jordon had actual or apparent authority to order the repairs to the vessel and the repairs constitute necessaries pursuant to the Maritime Lien Act and entitle RPM to a maritime lien on the vessel.

6. RPM invoiced D & J $85,223.12 for parts and repairs of which $40,223.12 remains outstanding. Despite demands therefore, payment of the outstanding amounts has not been forthcoming. Copies of the invoices are attached hereto and incorporated herein.

7. The terms and conditions of the contract for repairs entitles RPM to recover costs and attorney's fees expended in collection of all outstanding amounts.

8. All conditions precedent necessary to bring this action have been met.

9. Plaintiff does hereby claim a maritime lien on the DELTA DAWN, its engines, tackle, and appurtenances in the principle sum stated above, plus all accrued interest up to the date of entry of judgment herein, reasonable attorneys fees and the cost of this action in priority over all other lienors of the vessel.

Case No. 00-6159 CIV DIMITROULEAS
Page 3

WHEREFORE, the Plaintiff RPM prays that:

(a) Process in due form of law, according to the practice of this Court, issue against the motor vessel DELTA DAWN, its engines, tackle and appurtenances and that any person, firm or corporation claiming any interest in said vessel be cited to appear and answer this Complaint;

(b) The maritime lien for necessaries be declared valid and sustaining an interest in favor of Plaintiff RPM in the motor vessel DELTA DAWN in a principal amount to be set by this Court, together with interest continuing to accrue thereon, plus costs, and to be superior to the interests, liens, claims or mortgages of any and all persons, firms or corporations whatsoever;

(c) This Court direct the manner in which the actual notice of the commencement of this suit shall be given by Plaintiff to the master, or other ranking officer or caretaker of said vessel and any other persons, firms or corporations having any interest therein or having filed any mortgages or notices of liens against the said vessel;

(d) A judgment in a principal amount to be set by this Court, together with interest continuing to accrue thereon, plus costs be entered in Plaintiff's favor against the motor vessel DELTA DAWN.

(e) That said DELTA DAWN, its engines, tackle, and appurtenances be arrested, condemned and sold by the United States Marshal of this District under the decree of this Court and the proceeds realized to be paid over to the Plaintiff to satisfy said judgment or any portion thereof;

(f) A judgment in a principal amount to be set by this Court, together with interest continuing to accrue thereon, plus costs and attorney's fees be entered in Plaintiff's favor against D & J INDUSTRIES and RANDOLPH JORDAN.

Case No. 00-6159 CIV DIMITROULEAS
Page 4

(g)  Plaintiff have such other and further relief as may be deemed proper and equitable under the circumstances.

Respectfully submitted,

*[signature]*
PATRICK E. NOVAK
Florida Bar No. 838764
HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Plaintiff
One Datran Center, Suite 1001
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true correct copy of the above and foregoing was mailed this the 14 day of March, 2000 to Steven Sloane Newburgh, Esquire, 301 Clematis Street, Suite 3000, West Palm Beach, FL  33401, Attorney for Defendants.

*[signature]*
PATRICK E. NOVAK
Florida Bar No. 838764

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE