NON-COMPLIANCE OF S.D. fla. L.R. 5.1(A)(1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No.: 00-6159-DIMITROULEAS
Magistrate Judge: JOHNSON

**RPM DIESEL ENGINE CO., INC.,**

      Plaintiff/Counterdefendant,

vs.

**M/V DELTA DAWN**, its engines,
tackle and appurtenances, <u>in rem</u>,
**D&J INDUSTRIES, INC.;** and
**RANDOLPH JORDAN,** <u>in persona</u>,

      Defendants/Counterclaimants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants, M/V DELTA DAWN, D&J INDUSTRIES, INC. and RANDOLPH JORDAN, by and through their undersigned counsel, hereby files their Answer, Affirmative Defenses and Counterclaim directed to Plaintiff's Amended, Verified Complaint in Admiralty, as follows:

1. Allegations contained in Paragraph 1 are admitted.

2. Allegations contained in Paragraph 2 are admitted.

3. Allegations contained in Paragraph 3 are admitted.

4. Allegations contained in Paragraph 4 are admitted.

5. Allegations contained in Paragraph 5 regarding RPM's entitlement to a maritime lien are denied; remaining allegations are admitted.

6. Allegations contained in Paragraph 6 are denied, strict proof demanded; Attachments are illegible and are not, therefore, properly attached.



Case No.: 00-6159-DIMITROULEAS
Magistrate Judge: JOHNSON

7. Without information sufficient to admit or deny allegations contained in Paragraph 7, as the "attachments" to the Amended Complaint are illegible.

8. Allegations contained in Paragraph 8 are denied, strict proof demanded.

9. Allegations contained in Paragraph 9 as to what RPM is claiming can not be denied as drafted by Plaintiff's counsel; RPM's alleged entitlement to any relief sought, however, is specifically denied, strict proof demanded.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

10. Plaintiff has failed to join an indispensable party to this action, to wit: Jeffrey Snider, who is a record title holder to the subject vessel, M/V DELTA DAWN; accordingly, this Court lacks subject matter jurisdiction over the *res*, the Vessel.

## SECOND AFFIRMATIVE DEFENSE

11. Defendants are entitled to a set-off to the extent of all damages suffered by Defendants as a consequence of the wrongful arrest of the subject vessel, M/V. DELTA DAWN, as set forth in Defendants/Counterclaimants' Counterclaim herein.

## THIRD AFFIRMATIVE DEFENSE

12. Defendants are entitled to a set-off to the extent of all damages suffered by Defendants as a result of faulty and defective workmanship by RPM, RPM's charging to Defendants of costs and materials which were not required to be incurred by Defendants, damages sustained by RPM's use of inexperienced personnel and failure to oversee the work being performed, the resulting

Case No.: 00-6159-DIMITROULEAS<br>Magistrate Judge: JOHNSON

During the negotiations, it was specifically discussed between these individuals that the engines could be rebuilt without removing same from the vessel, known as an "inframe overhaul".

3. On September 22, 1999, the parties hereto accepted RPM's written proposal for the work to be performed on the M/V DELTA DAWN, a true copy of which is attached hereto as Exhibit "A"; the written proposal was accepted by Defendants on September 22, 1999 with some minor modifications, which modifications appear on the Exhibit copy attached hereto as Exhibit "A".

4. Plaintiff's claim of $85,233.12 exceeds the amount agreed-upon by Defendants as set forth in the September 22, 1999 written proposal; as indicated in Plaintiff's Amended Complaint, there is no allegation that Defendants authorized Plaintiff to perform work that would result in Plaintiff exceeding the amount of its' September 22, 1999 proposal.

5. Defendant breached the contract for the work outlined in the attached Exhibit "A", as follows:

   A. Defendant failed to accomplish the rebuild of the engines on the M/V DELTA DAWN in accordance with the agreement of the parties by failing to maintain comfortable cruise and speed at lower rpm's;

   B. Defendant failed to accomplish the rebuild of the engines on the M/V DELTA DAWN in accordance with the agreement of the parties by failing to lessen fuel consumption;

   C. Defendant improperly installed or installed improper "turbochargers" for each of the two (2) engines, resulting in increased exhaust "back pressure"; this condition has damaged the engines and has decreased their "life expectancy";

Case No.: 00-6159-DIMITROULEAS
Magistrate Judge: JOHNSON

D.      Defendant failed to timely discover the existence of the increased exhaust "back pressure", and failed to rectify same, thereby increasing the damage to the engines as aforesaid; Defendant failed to test for the increased exhaust back pressure until the expiration of Five (5) Months after commencement of the work to be performed in accordance with the September 22, 1999 written proposal;

E.      Defendant caused the unnecessary expenditure of funds by "explaining away" RPM's failure to achieve the goals as indicated in Paragraph 2 above, by claiming the following conditions existed which allegedly prevented RPM from achieving Defendant's goal in having the engines re-built in the first place - Defendant's absurd suggestions resulted in having the following worthless changes and tests performed and increased the invoice amount to Defendants and substantially increased the time to complete the "re-build", which, to this date, has not been completed:

     1.      Trim-tabs defective; (no problem found);

     2.      Marine growth build-up on the props; (no problem found);

     3.      Fuel injectors defective; (no problem found);

     4.      Requesting that Defendants "increase the access room" to the cockpit, thereby reducing the possibility of the existence of a "vacuum" problem; (no problem found);

     5.      Exhaust "risers" claimed to be too small; (no problem found);

Case No.: 00-6159-DIMITROULEAS<br>Magistrate Judge: JOHNSON

      6.    Fuel pressure too low; (no problem found);

      7.    Boat carrying too much weight; (no problem found);

      8.    Excessive heat in the engine room; (no problem found);

      9.    Exhaust <u>system</u> claimed to be too small; (no problem found);

      10.    Water pumps too big; (no problem found);

      11.    Defective or damaged mufflers; (no problem found);

    F.    Defendant never completed the work contracted-for.

6.    Defendants have been substantially harmed by Plaintiff's breach of contract, as aforesaid.

7.    Defendants have retained the undersigned attorney to represent them in this matter and is obligated to pay him a reasonable fee for said representation, which amount should be paid by Plaintiff, RPM, in accordance with the terms of the "invoice" submitted to Defendants by Plaintiff.

**WHEREFORE**, Defendants, RANDY JORDAN and D&J INDUSTRIES, INC., demand judgment against Plaintiff, RPM, for damages, costs, recovery of reasonable attorneys' fees and for such other and further relief as this Court deems appropriate.

<b><u>COUNT II - WRONGFUL ARREST OF VESSEL</u></b>

8.    Defendants reaver and reallege Paragraphs 1 through 3, above, as if set forth fully herein.

9.    On February 29, 2000, Plaintiff caused the wrongful arrest of the M/V DELTA

Case No.: 00-6159-DIMITROULEAS
Magistrate Judge: JOHNSON

DAWN, by, upon information and belief, incorrectly submitting to this Court a statement or statements which would give rise to the in rem remedies available pursuant to Local Admiralty Rule C(2).

10.     At the time Plaintiff caused the arrest of the M/V DELTA DAWN, Plaintiff was in constant communication with RANDY JORDAN and D&J INDUSTRIES, as evidenced by the attached correspondence, attached hereto as Composite Exhibit "B".

11.     At the time Plaintiff caused the arrest of the M/V DELTA DAWN, Plaintiff knew that no "exigent circumstances" existed that would justify the arrest of the subject vessel; Plaintiff also knew that there was no intention on the part of Defendants to secrete the subject vessel and to remove same outside of the territorial waters of the United States.  Most importantly, however, is the fact that Plaintiff's claim for monies owed is false, thereby rendering Plaintiff's in rem proceedings wrongful and actionable.

12.     As a consequence of said wrongful arrest of the subject vessel, Defendants have been forced to pay restitution as security for the release of the subject vessel and have incurred costs and attorneys' fees throughout the process, which costs and fees should be assessed against Plaintiff in accordance with Local Admiralty Rule C.(7).

Case No.: 00-6159-DIMITROULEAS
Magistrate Judge: JOHNSON

defective work and all damages sustained by Defendants in testing and finding the nature of the defective workmanship and in corrective and remedial repairs to correct RPM's defective and incomplete work, and for RPM's failure to complete the job in accordance with agreed specifications and performance thresholds.

**WHEREFORE,** having answered the Amended Complaint filed by RPM, Defendants demand judgment in their favor and against RPM, including recovery of all costs and attorneys' fees incurred by M/V DELTA DAWN, D&J INDUSTRIES, INC. and RANDY JORDAN.

## COUNTERCLAIM

Defendants, M/V DELTA DAWN, D&J INDUSTRIES, INC. and RANDY JORDAN, sue Plaintiff, RPM DIESEL ENGINE CO., INC., and allege:

1. Jurisdiction and venue of this proceeding is derivative of the main claim filed herein by RPM.

## COUNT I - BREACH OF CONTRACT

2. Defendants, RANDY JORDAN and D&J INDUSTRIES, INC., entered into an agreement with RPM through negotiations with Bob Myers and Mike Desderio, authorized agents of RPM, to achieve the following with regard to the M/V DELTA DAWN:

    A.    Maintain comfortable cruise and speed at lower rpm's;

    B.    Lessen fuel consumption as a result of lower rpm's;

    C.    Obtain greater "life expectancy" from rebuild.

Case No.: 00-6159-DIMITROULEAS
Magistrate Judge: JOHNSON

**WHEREFORE**, Defendants demand judgment in their favor and against RPM for damages for wrongful arrest, including costs and reasonable attorneys' fees and for such other and further relief as this Court deems appropriate.

Dated: April 10, 2000

STEVEN SLOANE NEWBURGH, P.A.
Galleria International Building
301 Clematis Street - Suite 3000
West Palm Beach, FL 33401
Tel: (561) 471-0470
Fax: (561) 471-4222

By: _____
Steven Sloane Newburgh, Esq.
Florida Bar No.: 348619

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer, Affirmative Defenses and Counterclaim, has been served this 10th day of April, 2000, by U.S. Mail and facsimile, on PATRICK E. NOVAK, ESQ., Horr, Linfors, Skipp & Novak, P.A., One Datran Center, Suite 1001, 9100 S. Dadeland Boulevard, Miami, FL 33156.

STEVEN SLOANE NEWBURGH, P.A.
Galleria International Building
301 Clematis Street - Suite 3000
West Palm Beach, FL 33401
Tel: (561) 471-0470
Fax: (561) 471-4222

By: _____
Steven Sloane Newburgh, Esq.
Florida Bar No.: 348619

# ADDITIONAL ATTACHMENTS <u>NOT</u> SCANNED

PLEASE REFER TO COURT FILE